# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YVONNE S. BILAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 7120 |
| | ) |
| CHASE MANHATTAN MORTGAGE | ) |
| CORPORATION, BANKERS TRUST | ) |
| COMPANY OF CALIFORNIA, | ) |
| PRUDENTIAL ASSET MANAGEMENT, | ) |
| COLDWELL BANKER, A-CITY | ) |
| SUBURBAN SERVICE, INC. and | ) |
| FRANK DENVOI, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motions to dismiss. For the reasons stated below, we grant the motions to dismiss.

## BACKGROUND

Plaintiff Yvonne Bilal ("Bilal") alleges that she is an African American woman who lives in Chicago, Illinois. According to Bilal, Bilal signed a mortgage and note granting her possession of a single family home in Bellwood, Illinois, ("Property") in September 1996. Bilal claims that she suffered a financial hardship,

which caused the Property to be foreclosed by Defendant Bankers Trust Company of California ("Bankers Trust") and Defendant Chase Manhattan Mortgage Corporation ("Chase"). According to Bilal, after the foreclosure of the Property, the Property was sold at a judicial sale and the sale was confirmed in December 2003.

Bilal claims that on two occasions, the Defendants entered the Property without her permission, where they "intentionally, willfully, and in concert with each other" removed her personal belongings and changed the locks, which, according to Bilal "caus[ed] her to be ousted from her . . . property." (Compl. Par. 21). Bilal alleges that Defendants did this, despite the fact that she was negotiating an agreement with Chase under which she could sell her home to a third party. Bilal claims that she relied on fraudulent statements made by Chase in regard to the sale to a third party, and that Chase failed to give her notice that the Property was to be sold in a judicial sale.

On December 19, 2005, Bilal filed the instant action against Defendants Chase, Bankers Trust, Prudential Asset Management ("Prudential"), Coldwell Banker ("Coldwell"), A-City Suburban Service Inc. ("A-City"), and Frank Denvoi ("Denvoi"). Bilal includes in the complaint a claim brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and 42 U.S.C. § 1985 ("Section 1985") (Count I), a claim brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Count II), a civil conspiracy claim (Count III), a negligence claim (Count IV), an intentional infliction of emotional distress claim (Count V), a trespass

claim (Count VI), a trespass to chattels claim (Count VII), a conversion claim (Count VIII), a fraud claim (Count IX), a claim brought pursuant to the Illinois Consumer Fraud Act, 815 ILCS 505/1 (Count X), a breach of contract claim (XI), and a request for punitive damages (Count XII). All Defendants now move to dismiss this action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School,* 144 F.3d 448, 454-55 (7th Cir. 1998). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *Sanjuan v. American Bd. of Psychiatry and Neurology,*

*Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)(stating also that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter,* 286 F.3d 437, 439 (7th Cir. 2002). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.,* and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins,* 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan,* 40 F.3d at 251.

**DISCUSSION**

I.  Section 1983 and Section 1985 Claims (Count I)

In Count I, Bilal claims that "each named Defendant communicated and conspired with one or more of the named Defendants' [sic] in this action to oppress, threaten, intimidate or deprive Plaintiff of property," which Bilal claims violates both Section 1983 and Section 1985.

A. Section 1983

In order to state a claim pursuant to Section 1983, "a plaintiff must allege two elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the activity deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). Defendants may be found to have acted under the color of state law "when the state has cloaked the defendants in some degree of authority-normally through employment or some other agency relationship [and] when the defendants have conspired or acted in concert with state officials to deprive a person of his civil rights." *Id.* at 567.

Bilal claims that Defendants "took on the duties of the Cook County Sheriff, when they performed their illegal eviction, so it is too late for them to claim that they were not acting under the color of law." (Resp. 3). However, in the instant action, Defendants are private companies and a private individual, who are neither employees nor agents of the state. Bilal does not allege that the state has "cloaked" Defendants with any authority or that Defendants acted in concert with any state officials. Actually, Bilal alleges in her complaint that the Bellwood, Illinois police officers who Bilal called to the Property during the eviction sided with Bilal and "informed Chase's agents that what they were doing was illegal." (Compl. Par. 43-45). Such allegations show that Defendants were not acting in concert with state officials and that they were not acing under the color of state law. Therefore, we

find that Bilal has not stated a claim under Section 1983, and grant Defendants' motions to dismiss to the extent that they relate to Bilal's Section 1983 claim in Count I.

B. Section 1985

Bilal has also brought a claim under Section 1985. In order to state a claim under Section 1985, a plaintiff must allege: "(1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of a conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002). The Seventh Circuit has stated that a "plaintiff also must show some racial, or otherwise class-based, invidiously discriminatory animus behind the conspirators' actions . . . ." *Id.* For the purposes of Section 1985, class-based animus "includes 'conspiracies to discriminate against persons based on sex, religion, ethnicity or political loyalty.'" *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000)(quoting *Volk v. Coler*, 845 F.2d 1422, 1434 (7th Cir. 1988). Failure to plead such class-based animus will "doom[] a plaintiff's claim." *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.,* 184 F.3d 623, 632 (7th Cir. 1999).

In Bilal's response to the motions to dismiss, Bilal argues that she has sufficiently plead that Defendants acted with class-based animus because "she states in her Complaint that she is African American . . . ." (Resp. 3). However, simply

stating Bilal's race at the beginning of the complaint, without more, is not sufficient to allege that Defendants acted with animus toward Bilal due to her race. Therefore, we grant Defendants' motions to dismiss to the extent that they relate to Bilal's Section 1985 claim in Count I.

II. FDCPA Claim (Count II)

Defendants also move to dismiss Bilal's FDCPA claim in Count II, based on their argument that Defendants are not debt collectors. The Seventh Circuit has stated that the FDCPA "applies only to debt collectors, . . . and only when their conduct is undertaken 'in connection with the collection of any debt.'" *Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1121 (7th Cir. 2003)(quoting 15 U.S.C. § 1692e)(internal citations omitted). The FDCPA distinguishes between creditors, who are not subject to liability under the act, and debtors, who are subject to liability. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). A creditor is generally defined "as one who 'offers or extends credit creating a debt or to whom a debt is owed,'. . . whereas a debt collector is one who attempts to collect debts 'owed or due or asserted to be owed or due another.'" *Id.* (citing 15 U.S.C. § 1692a(4) & (6)).

Bilal states in the complaint that "[e]ach of the named Defendants' [sic] is a debt collector . . . ." (Compl. Par. 64). However, Chase argues that it is the service provider of Bilal's mortgage, and therefore it is a creditor. Bankers Trust argues that

7

it is a trustee to Chase and therefore also a creditor. These claims are supported by Bilal's own statements in the complaint, in which she alleges that Chase and Bankers Trust, the mortgage servicer providers who foreclosed on her mortgage, were directly involved in effectuating the judicial sale of the Property. (Compl. Par. 18, 21-52). In light of the fact that defendants who simply collect or attempt to collect a debt owed to them cannot be held liable under the FDCPA, we grant Chase's and Bankers Trust's motion to dismiss. *See Aubert v. American General Finance, Inc.*, 137 F.3d 976, 978 (7th Cir. 1998)(stating that "[b]ecause creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the [FDCPA] unless they collect under a name other than their own").

Prudential argues that it "has no connection to Plaintiff's mortgage and is not a creditor or debt-collector under the FDCPA." ( C Mot. 9). Coldwell and Denvoi also argue that they have no connection with Bilal's mortgage. Finally, A-City argues that it is not a debtor under the FDCPA because, as Bilal states in the complaint, it is simply a "property inspection corporation." (Compl. Par. 3). Bilal's complaint fails to articulate any factual basis that any of the Defendants are debt collectors as defined by the FDCPA, and instead the complaint simply states that "[e]ach of the named Defendants' [sic] is a debt collector as described under the statute . . . ." (Compl. Par. 64). Bilal cannot survive a motion to dismiss "by attaching bare legal conclusions to narrated facts which fail to outline the bases of

[his] claims." *Perkins,* 939 F.2d at 466-67. Therefore, we grant all of the Defendants' motions to dismiss Count II.

III. State Law Claims (Counts III-XII)

The Defendants also move to dismiss Bilal's state law claims in Counts III through XII. The Seventh Circuit has stated that where a court dismisses federal claims and the sole basis for invoking federal jurisdiction no longer exists, that court should not exercise supplemental jurisdiction over remaining state law claims. *Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003)(stating that if there is a dismissal of the original jurisdiction claim and only a supplemental jurisdiction claim remains, "the sole basis for invoking federal jurisdiction is nonexistent and the federal courts should not exercise supplemental jurisdiction over his remaining state law claims"); *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts"). In the instant action, the court has dismissed the two counts of the complaint over which we had federal question jurisdiction, and Bilal has not provided the court with any basis for finding diversity jurisdiction over the remaining state law claims. In addition, Bilal has not shown that there are any other reasons for the court to exercise supplemental jurisdiction over the remaining state law claims. Therefore, we decline to exercise jurisdiction over Bilal's state law

claims in Counts III through XII.

## CONCLUSION

Based on the foregoing, we grant Defendants' motions to dismiss Count I and II in their entirety, and decline to exercise jurisdiction over Bilal's state law claims in Counts III through XII.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 13, 2006